UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| David Stebbins | ) | |
|     Plaintiff/Appellant | ) | |
| | ) | |
| v. | ) | Case No. 25-3375 |
| | ) | |
| Sidney Redfield | ) | |
| | ) | |

### MOTION FOR SUMMARY REVERSAL

Comes now, pro se Appellant David Stebbins, who hereby submits the following Motion for Summary Reversal in the above-styled action.

### Statement of Facts

1.    For simplicity's sake, the contents of the entire record in the District Court are hereby incorporated by reference.

2.    I filed this defamation lawsuit against Sidney Redfield, seeking to have him held accountable when he told numerous bald-faced lies about me with the intent of damaging my reputation. I filed suit in the United States District Court for the Northern District of California ("the District" for short), citing diversity jurisdiction, and claiming that this district had personal jurisdiction for a wide variety of reasons, including, but not limited to...

    (a)    The largest amount of my reputational damage was suffered in the District. See Dkt. 13 at p. 4.

    (b)    The defamation largely concerned actions which occurred inside the District. See Dkt. 13 at p. 8.

    (c)    The defamation video was distributed in California, thereby creating personal jurisdiction pursuant to Keeton v. Hustler Magazine, Inc., 465 US 770 (1984). See Dkt. 13 at p. 8.

    (d)    And many other grounds besides these.

3.    I then moved for issuance of subpoena duces tecum, seeking to subpoena the defendant's legal name and address from YouTube's records.

4.    The district court seemed determined to find a lack of personal jurisdiction in this case,

and seemed to change and contort its narrative at every turn to accommodate this preset decision. At first, it challenged me to show jurisdiction (see Dkt. 12), citing Calder v. Jones, 465 US 783 (1984) as controlling precedent (see Dkt. 12 at p. 4; see also Dkt 22 at p. 5). But then, when I used Calder to justify the District as having personal jurisdiction, that same court then turned around and found Calder to be inapposite! See Dkt. 26, Page 4, Line 4.

5.      After a back-and-forth between me and the Court that went on for more than two years, I eventually exhausted all of my options in the District Court. I then provided an explanation for how this matter was immediately appealable as an interlocutory order under Cohen v. Beneficial Industrial Loan Corp., 337 US 541 (1949) (see Dkt. 44), and then filed this appeal.

## Argument

6.      There is but one simple question that is before the court in this case: Have I alleged sufficient facts to establish a plausible claim to long-arm jurisdiction, enough to warrant jurisdictional discovery? If so, then the Court should reverse and remand with instructions to conduct jurisdictional discovery.

7.      As I mentioned earlier, the district court seemed determined to find a lack of personal jurisdiction in this case by any means necessary. One of the most egregious examples is the aforementioned instance where the Court found Calder v. Jones to be controlling, only to then turn around and find it to be inapposite after I used it to prove jurisdiction in the District. In addition to that, the District Court also cited the non-binding case of Good Job Games Bilism Yazilim Ve Pazarlama A.S. v. SayGames LLC, 458 F. Supp. 3d 1202, 1207 (N.D. Cal. 2020) as authority for jurisdiction being wanting in the District. However, they conceded that the decision was reversed and remanded on appeal! They say it was "for other reasons," but that is a bald-faced lie. The the Court of Appeals ordered the District Court to ***permit jurisdictional discovery!*** See https://law.justia.com/cases/federal/appellate-courts/ca9/20-16123/20-16123-2021-12-10.html ...

> "Because the district court dismissed on jurisdictional grounds, it did not substantively consider the issue of discovery. Discovery should ordinarily be granted where 'pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.
> ...
> Because the record is insufficiently developed to resolve personal jurisdiction, and

because further discovery might well demonstrate facts sufficient to constitute a basis for jurisdiction, we reverse and remand for jurisdictional discovery." (citations and quotations omitted).

8.    In other words, the Court of Appeals held the complete opposite of what the District held. Whereas the District Court has held that I "bear[] the burden of establishing that Defendant purposefully directed its conduct at California," and that I must do so without jurisdictional discovery (which puts many plaintiffs, not just me, in a Catch-22), *this* Court has held that, in order to dismiss at the pleading stage for lack of jurisdiction, the district court must positively find a lack of jurisdiction. But if the district court even arguably has jurisdiction, it must conduct jurisdictional discovery until that question becomes definitively resolved.

9.    After the case was remanded on appeal, and after the parties conducted jurisdictional discovery, the district court ultimately concluded that he did in fact have jurisdiction over the case. See Case 3:19-cv-07916-EMC, Dkt. 118, p.5, lines 11-12 ("For the reasons stated herein, the Court concludes it has personal jurisdiction over SG under Rule 4(k)(2)").

10.    I brought this to the District Court's attention (see Dkt. 29, pp. 5-7), and the District Court proceeded to *ignore that argument entirely!*

11.    These two instances are the two most egregious examples of the District Court having prejudged the matter of jurisdiction and then contorting its logic and citation of law to accommodate the decision it had already reached (rather than using the facts and the law to make an impartial ruling), but they are far from the only examples. I invite this Court to review the entire 2+ year record in the District Court to see how I have established personal jurisdiction in multiple ways, only for the Court to either (A) find some contrived logic, contrary to the law, to find my arguments to be inapposite or unpersuasive, or (B) ignore my arguments and evidence entirely.

12.    Even if I were to provide a dozen more grounds upon which jurisdiction is proper in the District, the district court would likely just ignore those too, because they've made up their minds and nothing I say is going to change that.

13.    Therefore, I respectfully ask this Court to do what it did in the case of Good Boy Games v. SayGames, and reverse and remand with instructions to conduct jurisdictional discovery, which would include (but would not be limited to) issuing a subpoena compelling YouTube LLC

to disclose his legal name and address.

<u>I stand to be irreversibly prejudiced if this relief is not granted.</u>

14.     For the sake of argument, let's assume that jurisdiction is, in fact, wanting in this case, and that dismissal would be proper. Even then, we should wait until after jurisdictional discovery before we do so.

15.     This is because I legitimately have no way of tracking SidAlpha except through this subpoena, I would have to refile in the proper court in order to get the subpoena. But without the subpoena, I have no way of knowing what the "proper court" is. This would put me in an impossible Catch-22.

16.     But imagine if this Court were to accept that the District Court has arguable jurisdiction, and proceed with ordering the District Court to issue the subpoena accordingly. YouTube responds to the subpoena and hands over his name and address. He then gets served with process and subsequently moves to dismiss for lack of personal jurisdiction. This motion to dismiss gets granted, and the case is dismissed without prejudice.

17.     But at least this time, because I now know his address, at least now, I know exactly which district I need to refile in, so I am not effectively deprived of my right to my day in Court in its entirety simply due to the most ridiculous of technicalities.

18.     Besides, even if I filed the suit, in the first instance, in another court which undeniably had personal jurisdiction over him (somehow), but I still needed the subpoena anyway, the case would still have to be domesticated in this Court in order for YouTube to be served with the subpoena! So why add this pointless extra step? Nobody's due process rights are being violated by me initially filing in the District, since the case would just end up here anyway.

**Conclusion**

19.     Wherefore, premises considered, I respectfully pray that this Court summarily reverse the District Court's order denying the motion for issuance of supboena duces tecum, and for any other relief to which I may be entitled.

So requested on this, the 30th day of May, 2025.

*/s/ David Stebbins*
David Stebbins (pro se)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
870-204-6516
acerthorn@yahoo.com